**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | | |
|---|---|---|
| **In Re:** | * | **Case No.:   24-14831** |
| | * | |
| **YVONNE DOVE,** | * | **Chapter 7** |
| | * | |
| Debtor. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **YVONNE DOVE,** | * | |
| **Plaintiff.** | * | **Adv. Proc. No.:** |
| | * | |
| **v.** | * | |
| | * | |
| **U.S. DEPARTMENT OF EDUCATION,** | * | |
| **Serve On:** | * | |
| | * | |
| **Alan C. Lazerow, Esquire**<br>**Senior Litigation Counsel**<br>**Assistant United States Attorney**<br>**36 S. Charles Street, 4th Floor**<br>**Baltimore, Maryland 21201** | * | |
| | * | |
| **U.S. Department of Education**<br>**Office of General Counsel**<br>**400 Maryland Avenue, SW**<br>**Room 6E300**<br>**Washington, DC 20202-2111** | * | |
| | * | |
| **Attorney General of the United States**<br>**U.S. Department of Justice**<br>**900 Pennsylvania Avenue, NW**<br>**Washington, DC 20530-0001** | * | |
| | * | |
| **Defendant.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### ADVERSARY COMPLAINT AGAINST U.S. DEPARTMENT OF EDUCATION REQUESTING A HARDSHIP DISCHARGE OF DEBTOR YVONNE DOVE STUDENT LOANS

Yvonne Dove, Debtor (hereinafter referred to as "Plaintiff") brings this adversary proceeding against the U.S. Department of Education (hereinafter referred to as "Defendant") to

obtain a hardship discharge of her federal student loans held by Defendant under Federal Rule of Bankruptcy Procedure 7001 (6). In support thereof, the Plaintiff states as follows:

### Parties

1. The Plaintiff entered into several student loans over the years with Defendant in order to attend the Keller Graduate School of Management at DeVry University to obtain a graduate school degree.

### Jurisdiction

2. The Plaintiff has jurisdiction to bring this action as an adversary proceeding against Defendant under 28 U.S.C. § 1334, Federal Rule of Bankruptcy Procedure 7001 (6).

3. This action is a core proceeding under 28 U.S.C. § 157(a)(2).

### Venue

4. The United States Bankruptcy Court of the District of Maryland, Greenbelt Division is an appropriate venue for this action under 28 U.S.C. § 1334.

### Statement of Facts

5. In Fall 2009, the Plaintiff obtained student loans to attend the Keller Graduate School of Management at DeVry University to obtain a graduate school degree. She was successful in obtaining this degree.

6. Over the course of time, her student loan balance grew to approximately $171,501.31. She obtained a forebearance.

7. The Social Security Administration found that she was disabled on July 12, 2013 and she began to receive disability benefits that turned into Social Security Income after she turned 65 in October, 2018.

8. The Plaintiff only receives Supplemental Security Income (SSI) in the amount of $1,648.70 as well as Food Stamps for $291.00 and electrical Bill Assistance for $81.00.

9. Also, the Plaintiff was eligible for free legal services from the Maryland Legal Aid Bureau to file this Chapter 7 bankruptcy and was forced to file this Chapter 7 bankruptcy because of debts, in addition to the student loan issue.

## ARGUMENT

### COUNT I – DETERMINATION OF DISCHARGABILITY OF STUDENT LOANS

10. The facts stated in Paragraphs 1-9 are incorporated into this section by reference.

11. Plaintiff is permitted under Federal Rule of Bankruptcy Procedure 7001(6) to file an adversary proceeding to determine the dischargability of her student loans.

12. Under 11 U.S.C. § 523 (a)(8), a Debtor is permitted to get a discharge of their student loans in bankruptcy if they can demonstrate that not obtaining a discharge in their student loans would result in an undue hardship.

13. A Debtor/Plaintiff can demonstrate undue hardship by showing that a debtor cannot maintain a minimal standard of living if required to repay the student loans, circumstances exist indicating that the debtor's financial situation is likely to persist for a significant period of time, and the debtor has made good faith efforts to pay back her student loans. *See Brunner v. New York State Higher Education Services Corp.,* 830 F.2d 395 (2nd Cir. 1987).

14. The Plaintiff is over sixty-five (65) years old, living on minimal SSI income, so requiring her to pay her student loans would be an undue hardship. In addition, she is also suffering from a permanent disability, which means her situation is unlikely to change in the near future.

15. Therefore, the Plaintiff qualifies for a hardship discharge and her student loans with the U.S. Department of Education should be discharged in full.

3

WHEREFORE, the Plaintiffs seek the following relief from court:

A. A declaratory judgment from the court declaring that all of the student loans the Debtor/Plaintiff has with the Defendant will be discharged at the conclusion of the Debtor/Plaintiff's Chapter 7 bankruptcy; and

B. All other relief that the Court deems just and proper.

s/ Brock Goldner  
Brock Goldner  
Maryland Legal Aid  
500 E. Lexington Avenue  
Baltimore, Maryland 21202  
*Attorney for Debtor/Plaintiff*